**Heranush MELIKIAN, Petitioner,**

**v.**

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–70904.**

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2004.*

Decided July 21, 2004.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Heranush Melikian, Glendale, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Ann Carroll Varnon, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: HAWKINS, THOMAS and BYBEE, Circuit Judges.

### MEMORANDUM **

Heranush Melikian, a native and citizen of Iran, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal and relief under the Convention Against Torture (the "Convention"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Melikian contends that the IJ's adverse credibility determination lacks a valid basis. The record belies this contention. Indeed, the IJ identified numerous inconsistencies and implausibilities within and between Melikian's testimony and asylum application. Each of these inconsistencies was specifically and cogently described by the IJ, and supported by the record. Since many of these inconsistencies also cast doubt on the events that go to the heart of Melikian's claim, substantial evidence supports the denial of asylum. *See*

** This disposition is not appropriate for publication and may not be cited to or by the

*Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001).

Because Melikian failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000).

Substantial evidence also supports the IJ's conclusion that Melikian is not entitled to relief under the Convention because she failed to demonstrate that it is more likely than not that she will be tortured if returned to Iran. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

Finally, Melikian's contention that the BIA's summary affirmance of the IJ's order violates due process is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 850–51 (9th Cir.2003).

### PETITION DENIED.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.